COMMONWEALTH *vs.* JOHN CURLEY.

An inclosed yard, the sole use of which is in connection with a house of correction, is "adjoining or appurtenant thereto" within the meaning of the Gen. Sts. c. 178, § 6; and a prisoner in the house of correction, escaping from such a yard, is liable to, punishment under the Gen. Sts. c. 178, § 46.

INDICTMENT, under the Gen. Sts. *c.* 178, § 46, charging an escape from the house of correction at South Boston.

At the trial in the superior court, before *Putnam,* J., the following facts appeared: The house of correction was originally provided with a yard properly inclosed, appurtenant to the house.* A few years since, a public street was cut through this

* The Gen. Sts. c. 178, §§ 6, 7, enact that in each county there shall be a house or houses of correction "with convenient yards, workshops and other suitable accommodations, adjoining or appurtenant thereto, for the safe keeping, correcting, governing and employing of offenders legally committed thereto," and that "the yards shall be of sufficient extent for the convenient employment of the persons confined therein, and inclosed by fences of sufficient height and strength to prevent escapes, and also to prevent all persons without from access to or communication with any persons confined therein."

yard, 'and fences were built along the line of the street, so as to form two yards, separated by the street.

The defendant, who was under sentence in the house of correction, was taken, on the morning of his escape, from the house into the yard immediately adjoining, and thence, with other prisoners, under charge of an officer of the house, across the street into the other yard. This yard was cultivated by the convicts as a garden, solely for the use of the house. While there engaged at work under the supervision of the officer, the prisoner escaped over the fence.

The defendant requested the court to rule that on these facts he was entitled to an acquittal, but the court refused; whereupon the defendant consented to a verdict against him, and the judge reported the case for the determination of this court.

*R. Morris,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

Colt, J. Under the provisions of the Gen. Sts. *c.* 178, §§ 6, 7, the whole yard of a house of correction, though divided by a public street, against which it is suitably fenced and protected, must be regarded as adjoining or appurtenant within the terms of the statute. It is not required that the yard shall be immediately connected with the house itself. If it be a place entirely devoted to the purpose, sufficiently secure and suitably protected from all persons without, it is sufficient. The word appurtenant is not used in a technical sense in the statute, for land cannot be appurtenant to land, strictly speaking.

*Judgment upon the verdict.*